[No. 7,308.—Department Two.]

## THEODORE LE ROY *v.* MARY A. MULLIKEN.

STATUTE OF LIMITATIONS—DISCOVERY OF FRAUD—COMPLAINT—PLEAD-
ING.—In an action commenced in 1879 to cancel a deed executed in 1873,
the complaint alleged fraudulent representations upon the part of the
grantee, and that the plaintiff had no recollection or knowledge of having
made the conveyance, but had seen the original deed and it bore his true
signature, and that he was first informed of the claim of the defendant
under the deed within thirty days before the commencement of the ac-
tion.

*Held*, that this did not amount to an averment that the plaintiff had discov-
ered the facts constituting the fraud within three years before the com-
mencement of the action, and that upon the face of the complaint the
plaintiff was barred.

APPEAL from a judgment for the defendant in the Superior
Court of Alameda County.   CRANE, J.

*M. G. Cobb,* for Appellant.

*George W. Tyler,* for Respondent.

THORNTON, J.:

We are of opinion that this action was barred by the stat-
ute of limitations prior to its commencement, as shown by the
averments of the complaint, and that the judgment of the
Court below should be affirmed.

The action is brought to cancel a deed executed by the
plaintiff to defendant, Mary Ann Mulliken, on the 3d day of
July, 1873, and to compel a reconveyance to him on the
ground that the deed above mentioned was procured from
him by fraudulent representations.   The action was com-
menced on the 27th of March, 1879.   The fraudulent repre-
sentations, as alleged, were that the defendants had stated to
him that the legal representatives of John Evoy (from
whom (Evoy) plaintiff had received a conveyance of the same
land transferred by the above-mentioned deed to defendant
Mulliken, in trust, to convey it to whomever Evoy or his
assigns or legal representatives might direct him so to con-
vey) had requested that the plaintiff convey the land to said
Mulliken; that he had no recollection or knowledge of having
made any such conveyance, but that he had seen the original

deed, and that it bears his true signature; that the deed had been used by defendants in an action in the County Court of Contra Costa County within two months before the commencement of this action, and that he was first informed of the claim of the defendants under the deed within thirty days before the commencement of this action.

It thus appears that the action was brought to obtain relief on the ground of fraud, and there is no allegation in the complaint that the plaintiff discovered the facts constituting the fraud within three years before the commencement of the action (Code Civ. Proc., § 338, subdivision 4). On the contrary, the averments of the complaint are all consistent with his knowledge or means of acquiring knowledge of the facts constituting the alleged fraud at the time the representations were made, which must have been prior to the execution of the deed in 1873.

Judgment affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.